FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 16, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAYE CARIVEAU,<br><br>Defendant. | No. 4:24-CR-06018-MKD-2<br><br>ORDER FOLLOWING ARRAIGNMENT and ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE |

On October 16, 2025, Faye Cariveau appeared and was arraigned on the Information, ECF No. 183. Defendant was represented by Kenneth Therrien. Assistant United States Attorney Brandon Pang appeared on behalf of the United States. Defendant was advised of and acknowledged Defendant's rights. Defendant executed a written waiver of the right to indictment, ECF No. 184, and confirmed on the record her waiver of the right to indictment.

Defendant entered a plea of guilty to the Information filed on October 16, 2025, charging her with distribution of 40 grams or more of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi).

ORDER - 1

1    The Court finds that Defendant is fully competent and capable of entering an
2 informed plea, that Defendant is aware of the nature of the charges and
3 consequences of the plea, and that the plea of guilty is knowing, voluntary, is not
4 induced by fear, coercion, or ignorance, and is supported by an independent basis
5 in fact establishing each of the essential elements of the crime.  Therefore,
6 Defendant's plea of guilty is accepted.
7    Accordingly, **IT IS HEREBY ORDERED:**
8    1. **Sentencing Hearing**:  A sentencing hearing is **SET** for **March 19, 2026,**
9 at **11:00 AM,** in **Richland**.
10    a. **Continuance Requests**:  Any requests to continue the sentencing
11       hearing **must (1)** demonstrate extraordinary circumstances, **(2)** be
12       made by written motion, **(3)** indicate the positions of the opposing
13       party and the U.S. Probation Officer on the continuance, and **(4)** be
14       filed **at least three weeks** before the scheduled sentencing hearing.
15       Any objections to the requested continuance shall be filed no later
16       than 3 days after the motion to continue is filed.
17    b. Unless and until a requested continuance is granted, counsel should
18       presume that the sentencing hearing will proceed as scheduled and
19       prepare accordingly.
20

ORDER - 2

2. **Custody**:  Defendant shall remain released to pretrial supervision pursuant to the conditions of release previously imposed in this matter.  ECF Nos. 76, 87.  **If a sentence of incarceration is imposed, Defendant <u>shall be taken into custody at the time of sentencing.</u>**

3. **PSR**:  The United States Probation Office shall prepare a Presentence Investigation Report (PSR) pursuant to Fed. R. Crim. P. 32(c).

    a. **If defense counsel wishes to be present for the PSR interview, defense counsel must make themselves available to attend the PSR interview <u>within 14 days of the change of plea hearing</u>.  If defense counsel fails to do so, the Probation Officer is authorized to proceed with the PSR interview without defense counsel present.**  *See* Fed. R. Crim. P. 32(c)(2).  The Probation Officer has the discretion to extend the date of the PSR interview, but may not extend the interview to a date that will require a continuance of the sentencing hearing.  If defense counsel does not respond to the Probation Officer's communication about scheduling the interview within three days, the Probation Officer is directed to contact and advise chambers.

4. By the date set forth in the chart below, the Probation Officer shall disclose the PSR to Defendant, counsel for Defendant, and the United States.

ORDER - 3

Disclosure of the PSR shall be subject to the limitations imposed by Rule 32 of the Federal Rules of Criminal Procedure.

     5. **Objections to PSR**: **Within 14 days of the filing of the PSR**, counsel shall **file any PSR objections** as to legal and factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report.  Objections shall be numbered and identify the paragraph(s) to which the objection applies.  Objections shall address the PSR in sequential order, beginning with the lowest numbered paragraph.  If an objection is filed, the Probation Officer shall conduct such additional investigation as is necessary to assess the merits of the objection.

     6. **Final PSR**:  The Probation Officer shall submit the final PSR to the Court by the date set forth in the chart below.  The PSR shall be accompanied by an addendum setting forth any objections counsel made, including those that have not been resolved, together with the officer's comments and recommendations thereon.  The Probation Officer shall certify that the contents of the report, other than the sentencing recommendations, including any revisions or addenda, have been disclosed to counsel for Defendant and the United States, and that the addendum fairly states any remaining objections.  Except with respect to any written objection made as required above, the PSR and computations shall be accepted by the Court as accurate.  Upon a timely objection by Defendant, the

ORDER - 4

United States bears the burden of proof on any fact that is necessary to establish the base offense level.  The Court, however, for good cause shown, may allow that a new objection be raised at any time before the imposition of sentence.  In resolving any disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, Defendant, or the United States.

Nothing in this Order requires the disclosure of any portions of the PSR that are not disclosable under Fed. R. Crim. P. 32.  The PSR shall be deemed to have been disclosed when the PSR is docketed on CM/ECF.

7. **Sentencing Memos/Motions**: By the date set forth in the chart below, counsel shall file and serve all motions and memoranda pertaining to Defendant's sentence, including departures and variances, and sentencing recommendations.

    a. Initial sentencing memoranda are limited to 20 pages, absent prior permission from the Court to file an overlength memorandum.

    b. Counsel shall utilize the following format when preparing initial sentencing memoranda:

        I.    Offense Level & Criminal History

        II.    Departures

        III.    18 U.S.C. § 3553(a)

    c. Under Section I. Offense Level & Criminal History, counsel shall discuss whether the PSR's Total Offense Level calculations (not

ORDER - 5

including departures) and Criminal History calculation are correct or incorrect, providing legal authority for the party's position.

    d. Under Section II. Departures, counsel shall discuss whether a downward and/or upward departure is warranted under the Guidelines and provide legal authority for such position.

    e. Under Section III. 18 U.S.C. § 3553(a), counsel shall discuss whether the resulting guideline range provides a reasonable sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), considering the other factors listed in § 3553(a).

    e. **Failure to file and serve sentencing materials by this date, to include motions for upward or downward departure, will be deemed a waiver of the right to do so.**

8. **Responses**: By the date set forth in the chart below, the opposing party shall file and serve its response, limited to no more than seven (7) pages.

9. **Safety Valve**: If Defendant intends to qualify for the safety valve, the parties must conduct a safety valve interview to determine if the Defendant has met the requirements of U.S.S.G. § 5C1.2(a)(5) by the date set forth in the chart below.

ORDER - 6

10. **Witnesses/Exhibits**: If either party intends to call witnesses or proffer exhibits at sentencing, witness and exhibit lists must be exchanged by the parties and provided to the Court by the date set forth in the chart below.

11. **Duration**: Sentencings shall be scheduled for a total of **45 minutes**. If counsel believes that the sentencing hearing will last longer than 45 minutes, counsel shall notify Chambers by the date set forth in the chart below to ensure that sufficient time is scheduled.

12. **Pending Motions**: All pending motions pertaining to Defendant are **DENIED as moot,** and all pending hearing and trial dates pertaining to Defendant are **STRICKEN** from the Court's calendar.

13. This Order authorizes the District Court Executive to accept Defendant's payment in the amount of $100 toward Special Penalty Assessments.

14. **Summary of Deadlines**

| Deadline for Defense Counsel to Attend PSR Interview: | **October 30, 2025** |
|---|---|
| Draft PSR disclosed: | **February 10, 2026** |
| **PSR Objections filed:** | **February 24, 2026** |
| **Final PSR filed:** | **March 9, 2026** |
| **Motions to Continue Sentencing filed:**     Objections to Continuance filed: | **February 26, 2026**  **3 days after motion filed** |
| Safety-Valve Interview Conducted: (if applicable) | **February 26, 2026** |
| **Sentencing Motions & Memoranda filed:**     Responses filed: | **March 4, 2026**  **March 12, 2026** |

ORDER - 7

| Deadline to notify Chambers if sentencing will require more than 45 minutes: | March 12, 2026 |
|---|---|
| Witness Lists/Exhibit Lists filed: | March 12, 2026 |
| **SENTENCING HEARING** | **March 19, 2026** <br> **11:00 AM - Richland** |

**IT IS SO ORDERED**.  The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshals Service.

DATED October 16, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 8